O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNHEISER ELECTRONIC CORPORATION, d/b/a SENNHEISER USA, a Delaware Corporation, and SENNHEISER ELECTRONIC GMBH & Co.KG, a German Limited Liability Company,<br><br>        Plaintiffs,<br>    v.<br>MICHAEL BIELSKI, an Individual, and Does 1–10, Inclusive,<br><br>        Defendants. | Case No. CV11-07892-ODW (FFMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT [12]** |

## I. INTRODUCTION

Before the Court is Plaintiffs Sennheiser Electronic Corp. and Sennheiser Electronic GMBH & Co.KG's (collectively "Plaintiffs") April 27, 2012 Motion for Default Judgment against Defendant Michael Bielski ("Defendant"). (ECF No. 12.) Having carefully considered the papers filed in support of the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

/ / /

/ / /

## II.  FACTUAL BACKGROUND

This action arises out of Defendant's alleged infringement upon Plaintiffs' registered trademarks.  Plaintiffs are leading manufacturers of electronic sound products, including various types of monitors, microphones and headphones.  (Compl. ¶ 11.)  Plaintiff s own registered trademarks that they contend have gained widespread recognition by being associated with Plaintiffs' high-quality products.  (*Id.* ¶ 14.)

Defendant allegedly engaged in distribution of merchandise bearing three of Plaintiffs' marks through Defendant's storefront on eBay.com.  (*Id.* ¶ 22.)  According to Plaintiffs, Defendants' storefront indicates Defendant engaged in at least 22 prior sales of counterfeit products.  (*Id.*)  Furthermore, "feedback" posted on the webpage from purchasers of said products indicates that the merchandise Defendant sold was unauthorized versions of Plaintiffs' products.  (Mot. 9.)  On May 4, 2011, during an investigation of the selling and distribution of counterfeit versions of their products, Plaintiffs purchased a pair of headphones from Defendant through Defendant's eBay storefront.  (Compl. ¶ 24.)  Upon inspection, Plaintiffs confirmed that the headphones were a counterfeit Sennheiser product.  (*Id.* ¶ 25.)

On September 22, 2011, Plaintiffs filed a Complaint in this Court alleging five claims against Defendant for (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin/false or misleading advertising in violation of 15 U.S.C. § 1125(a); (3) trademark dilution in violation of 15 U.S.C. § 1125(c); (4) unfair competition in violation of California Business and Professions Code section 17200; and (5) unjust enrichment.  (*Id*. at 1–2.)

Plaintiffs personally served Defendant with the Summons and Complaint at his residence on October 12, 2011.  (Mot. 10.)  On February 16, 2012, Plaintiffs filed a Request for Entry of Default following Defendant's failure to answer or otherwise respond.  (ECF No. 10.)  On February 17, 2012, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure Rule 55(a).  (ECF No.

11.) Pending now before the Court is Plaintiffs' April 27, 2012 Motion for Default Judgment. (ECF No. 12.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

The district court is given discretion to decide whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, in exercising its discretion regarding entry of default, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV. DISCUSSION

Plaintiffs' Motion for Default Judgment seeks judgment as to liability on each claim asserted in Plaintiffs' Complaint. Pursuant to a finding of liability, Plaintiffs

seek judgment in the form of $600,000.00 in statutory damages, reasonable attorneys' fees in accordance with Local Rule 55-3, $709.70 in costs incurred by Plaintiffs in pursuit of this action, and permanent injunctive relief enjoining Defendant from further infringement on Plaintiffs' trademark rights.  The Court considers each in turn.

**A.     Liability**

Plaintiffs have satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1.  Specifically, Plaintiffs have set forth that (1) the clerk entered default judgment against Defendant on February 17, 2012 (Mot. 10); (2) the default is based on Defendant's failure to respond to Plaintiffs' September 22, 2011 Complaint (*id.*); (3) Defendant is neither an infant nor an incompetent person (Chaney Decl. ¶ 14); (4) Defendant is not in active military service (*id.*); and (5) Plaintiffs served Defendant with notice of its application for default judgment at his place of residence (Mot. 10).

The Court also finds that consideration of the *Eitel* factors weighs in favor of granting the Motion.  *See Eitel*, 782 F.2d at 1471–72.  First, Plaintiffs would suffer prejudice if the motion is not granted because Plaintiffs "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."  *Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  Further, because the "well-pled allegations in the complaint regarding liability are deemed true" upon entry of default, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), Plaintiffs have successfully established the merits of their claim and the sufficiency of their complaint.  While the sum of money at stake here is large, it is governed by statute.  *See* 15 U.S.C. § 1117(c) (establishing a statutory minimum of $1,000.00 and a statutory maximum of $2,000,000.00 per counterfeit mark per type of goods sold for trademark infringement, if the Court finds the infringement was willful).  Finally, the Court finds that Defendant's failure to answer or file a responsive pleading was not the result of excusable neglect because

Defendant failed to respond despite notice of this action. (Mot. 10.) Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** as to liability.

## B. Statutory Damages

Plaintiffs first seek a statutory award of $600,000.00 as compensation for damages, punishment for Defendant's infringement, and as a deterrent to both Defendant and others from future infringement. Under the Trademark Act, a plaintiff may elect to recover statutory damages in lieu of actual damages. 15 U.S.C. § 1117(c). In its discretion, a court can award "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* A court may also grant enhanced damages of up to $2,000,000.00 per counterfeit mark on a finding of willful infringement. *Id.*

Plaintiffs ask for $600,000.00 of statutory damages—$200,000.00 for each of the three marks infringed upon. Plaintiffs allege that Defendant's illegal conduct was willful, as inferred by his failure to defend and participate in the present litigation. *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003). In addition, Plaintiffs maintain that the comments left on Defendant's eBay Feedback Profile further evidence Defendant's knowledge that the merchandise he sold was counterfeit. Thus, Plaintiffs argue that statutory damages of $600,000.00 for Defendant's willful infringement are appropriate to punish Defendant for his illegal activity and sufficiently deter against future infringement. (Mot. 26–27.)

The Court declines to grant the requested statutory damages of $600,000.00. While the Court takes Plaintiffs' factual allegations as true and agrees that Defendant's conduct was indeed willful, Plaintiff's requested damages are too high given the circumstances of this case. Although Plaintiffs' exact damages cannot be determined because of Defendant's failure to take part in the present litigation, such a steep award is clearly excessive, and does not bear a plausible relationship to Defendant's profits from infringement. *See Chanel Inc. v. Doan*, No. C 05-03464

VRW, 2007 WL 781976, at *5 (N.D. Cal. Mar. 13, 2007) (granting plaintiff's request for statutory damages on default judgment because plaintiff's request bore a plausible relationship to defendant's profits from infringement). In addition, Plaintiff's requested reward would constitute a windfall to Defendant far in excess of the amount necessary to deter future infringement. *See Peer Int'l. v. Pausa Records, Inc.*, 909 F.2d 1332, 1332 (9th Cir. 1990).

Instead, the Court finds a statutory damages award of $2,000.00 per trademark infringement (for a total of $6,000.00) reasonable in this case. This is twice the minimum under the statute to reflect the Defendant's willfulness in committing the violation. Furthermore, such an award is in line with default judgments granted by other district courts in similar circumstances, *see Microsoft Corp. v. Coppola*, No. C 06-06701 WHA, 2007 WL 1520964, at *4 (N.D. Cal. May 24, 2007); *Microsoft Corp. v. Ricketts*, No. C 06-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007), and will adequately serve the purpose of deterring future violations as well as compensating the plaintiff for damages incurred by Defendant's misconduct. Thus, the Court **GRANTS** Plaintiffs' request for statutory damages only in the amount of **$6,000.00**.

## C. Attorney's Fees

Plaintiffs also request compensation for reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). The Court may choose to award reasonable attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). In general, a trademark case is considered "exceptional" when the infringement is "malicious, fraudulent, deliberate, or willful." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). The Court recognizes that Defendant deliberately and willfully infringed upon Plaintiffs' trademark rights, and thus Plaintiffs are entitled to attorneys' fees under 15 U.S.C. § 1117(a).

Plaintiffs assert that they are entitled to $5,600.00 in reasonable attorneys' fees pursuant to the fee schedule established by Local Rule 55-3. (Chaney Decl. ¶ 17.)

However, based upon the Court's award of $6,000.00 in statutory damages, this amount must be adjusted accordingly. After adjusting the amount of fees in accordance with Local Rule 55-3, the Court **GRANTS** reasonable attorneys' fees in the amount of $800.00.[1]

**D.    Costs**

Plaintiffs further seek to recover costs under 15 U.S.C. § 1117(a). Plaintiffs allege that their costs, "including but not limited to filing of the Complaint[] and serving the Summons and Complaint, total $709.70." (Chaney Decl. ¶ 16.)

Section 1117(a) provides that when a plaintiff establishes a violation of 15 U.S.C. § 1125(c), that plaintiff "shall be entitled" to recover costs. The Court therefore **GRANTS** Plaintiff's request for costs incurred in this action, subject to proper proof of Plaintiffs' costs before the Clerk of Court in an Application to the Clerk to Tax Costs.

**E.    Injunctive Relief**

Finally, Plaintiffs seek permanent injunctive relief to (1) enjoin Defendant from manufacturing, advertising, distributing, offering for sale, and selling counterfeit merchandise bearing Plaintiffs' marks; (2) enjoin Defendant from using Plaintiffs' marks; and (3) order Defendant to cancel and recall all promotions, advertisements and merchandise bearing Plaintiffs' marks. (Mot. 28.)

The Court finds Plaintiffs' proposed injunctive relief appropriate. Plaintiff has demonstrated facts supporting the grant of permanent injunction under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

---

[1] Local Rule 55-3 provides that where a judgment is between $1,000.01 and $10,000.00, reasonable attorneys' fees will be $300.00 plus 10% of the judgment amount over $1000.00. Because judgment for Plaintiff is $6000.00, Plaintiff should recover attorneys' fees of $300.00 plus 10% of $5000.00, which is $500.00. This total comes to $800.00.

warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

Here, Defendant has failed to respond to the claims brought against him despite receiving adequate notice. Furthermore, Defendant was aware that the products he sold were or may have been counterfeit as a result the comments posted on his eBay Feedback Profile, yet still continued to infringe upon Plaintiffs' intellectual property rights. Thus, the Court finds that failure to grant the injunction would result in Plaintiffs' continued exposure to irreparable harm with no method of recourse. In addition, an injunctive remedy is warranted because it would pose little hardship on the Defendant, who would merely be enjoined from engaging in future illegal infringement. Accordingly, the Court **GRANTS** Plaintiffs' proposed injunction.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is **GRANTED** with respect to liability, statutory damages in the amount of $6000.00, attorneys' fees in the amount of $800.00, costs subject to proof, and permanent injunctive relief. A judgment will issue.

**IT IS SO ORDERED.**

June 4, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**